FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 21, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ZACHARY J. BIGGS,<br><br>               Petitioner,<br><br>     v.<br><br>SCOTT SPEER,<br><br>               Respondent. | Case No. 2:24-CV-00427-TOR<br><br>ORDER DISMISSING HABEAS CORPUS PETITION |

Before the Court is Petitioner Zachary J. Biggs's Response to this Court's Order to Show Cause. ECF Nos. 10, 14. On January 23, 2025, Petitioner was ordered to show cause why his Petition for a Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 should not be dismissed as time-barred under 28 U.S.C. §2244(d). ECF No. 7. Petitioner is in custody pursuant to a judgment of a state court and is currently housed at the Stafford Creek Corrections Center. ECF No. 1 at 2. Petitioner is proceeding *pro se* and has paid the $5.00 filing fee. Respondent has not been served.

ORDER DISMISSING HABEAS CORPUS PETITION -- 1

## HABEAS CORPUS CLAIMS

Petitioner challenges his 2015 Asotin County Superior Court bench trial conviction for two counts of rape in the first degree and one count of felony violation of a no contact order, for which he received a 309-month sentence. ECF No. 1 at 2–3.

As grounds for federal habeas relief, Petitioner asserts: (1) same criminal conduct; (2) jury trial waiver; (3) no access to law library; (4) ineffective assistance of counsel by Richard Laws; (5) appearance of fairness by Judge Scott Gallina; (6) omission of second plea bargain; (7) withholding of Gene Grende letter; and (8) cumulative error. ECF No. 1 at 6, 8, 10, 12, 14, 16, 18, 20.

## ORDER TO SHOW CAUSE AND RESPONSE

On January 23, 2025, this Court determined that Petitioner's federal habeas petition, received on December 19, 2024, is untimely under 28 U.S.C. § 2244(d), unless Petitioner can demonstrate an equitable basis to toll the federal limitations period. ECF No. 7. The Court ordered Petitioner to show cause why this action should not be dismissed as time-barred under 28 U.S.C. § 2244(d). *Id*. at 12. The Court cautioned Petitioner that his failure to show cause regarding the timeliness of his Petition would be construed as his consent to the dismissal of this action. *Id*.

1  The Court did not receive a response to its Order to Show Cause by the 30-day deadline. Therefore, on February 25, 2025, the Court issued an Order Dismissing Habeas Corpus Petition. ECF No. 8. Judgment was entered the same day. ECF No. 9.

On March 11, 2025, this Court received from Petitioner a construed response to the Order to Show Cause. ECF No. 10. It appeared that Petitioner's response was placed in an envelope on February 23, 2025, ECF No. 10-1 at 2, two days prior to the issuance of the Order Dismissing Habeas Corpus Petition and Judgment, ECF Nos. 8, 9. It also appeared that Petitioner's response was initially received by the Ninth Circuit Court of Appeals, who then mailed the response to the United States District Court for the Western District of Washington ("Western District of Washington"). ECF No. 10-1 at 1–2; ECF No. 10-2 at 1. The Western District of Washington mailed Petitioner's response to this Court. ECF No. 10-3 at 1. For good cause shown, the Court rescinded the Order Dismissing Habeas Corpus Petition, ECF No. 8, and the judgment in this case, ECF No. 9. ECF No. 13.

The Court ordered Petitioner to comply with Federal Rule of Civil Procedure 11 by signing and resubmitting the signature page of his response. ECF No. 13 at 2–4; citing Fed. R. Civ. P. 11(a). On March 28, 2024, Petitioner complied with the Court's order and resubmitted the signature page. ECF No. 14.

1  In his Response to the Court's Order to Show Cause, Petitioner takes issue with the Court's denial of his Motion to Submit Additional Argument to Habeas Corpus Brief, ECF No. 6. ECF No. 10 at 1–3. In that Motion, Petitioner requested to add two grounds for relief to his habeas petition. ECF No. 6 at 2. In its Order to Show Cause, this Court noted that Petitioner acknowledged in his habeas petition that he did not seek review of the denial of these claims in the Washington State Supreme Court. ECF No. 7 at 10; citing ECF No. 1 at 6, 22. Thus, this Court determined that Petitioner failed to adequately show that he had exhausted his state court remedies as to the claims for relief that he sought to add to his habeas petition. ECF No. 10 at 7.

In his Response to the Court's Order to Show Cause, Petitioner states that he "does not argue anything else, only that the motion for additional arguements [sic] be excepted to the Habeas Petition that has been ruled time barred." ECF No. 10 at 3. Petitioner has failed to provide a sufficient reason to allow his time-barred petition to proceed.

As the Court noted in its Order to Show Cause, the federal habeas petition received on December 19, 2024, is untimely under 28 U.S.C. § 2244(d). ECF No. 7 at 5, 7. Petitioner has failed to demonstrate that equitable tolling applies to his federal habeas Petition.

ORDER DISMISSING HABEAS CORPUS PETITION -- 4

For the reasons set forth in the Order to Show Cause, ECF No. 7, the Court dismisses the Petition as time-barred under 28 U.S.C. § 2244(d).

Accordingly, **IT IS HEREBY ORDERED:**

1. The Petition, ECF No. 1, is **DISMISSED with prejudice** as time-barred under 28 U.S.C. § 2244(d).

2. The Court certifies that pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

**IT IS SO ORDERED**. The Clerk of Court is directed to enter this Order, **enter judgment**, forward copies to Petitioner, and **CLOSE** the file.

**DATED** April 21, 2025.



THOMAS O. RICE
United States District Judge

ORDER DISMISSING HABEAS CORPUS PETITION -- 5